**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 31 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-30181 |
| | ) | |
| Darla J. Weltlich, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER OVERRULING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

This case came before the court on August 28, 2012, for a further hearing on confirmation of Debtor's pending proposed amended Chapter 13 plan [Doc. # 60]. The Chapter 13 Trustee, Debtor, and Attorney for Debtor all appeared in person, and Debtor testified briefly at the hearing. Attorney for creditor Edward B. Weltlich appeared by telephone.

The court had previously denied confirmation of Debtor's previously proposed plans by orders entered on May 3, 2012, and June 28, 2012 . [Doc. ## 41, 54]. Leave was afforded Debtor to try again, and she eventually filed her fourth amended plan on July 20, 2012.

The plans previously denied confirmation are what is known as a "sale" plan, as is the instant amended plan. Debtor currently has no earned income and she relies on gifts from her mother to pay her mortgage payments and other living expenses. The plans previously denied confirmation instead proposed to pay essentially nothing to the Chapter 13 Trustee while she tried to sell her home, which is the subject of pre-petition state domestic relations court orders and a resulting state court receivership requiring its

disposition to remove her former spouse, creditor Edward B. Weltlich ("Weltlich"), from liability and exposure for the joint home mortgage debt. Debtor has not complied with those state court orders. The original proposed plan sale price for the home was $209,000, or whatever lesser amount Debtor agreed to. Unsecured creditors were not provided any firm percentage or other reasonably certain basis for any distribution whatsoever under the plan, with any receipts by them wholly dependent upon whether "the sale garners a sufficient sum to pay her $20,000 exemption along with all such other allowed claims." Meanwhile, unsecured creditors were to be stayed from pursuing collection claims, obtaining judgments and securing judgment liens against the equity Debtor insists she has in the property, all to their legal detriment. She had also proposed an injunction against the Huron County Court of Common Pleas, which would violate the federal anti-injunction act. Finally, while she proposed to continue to keep the property insured and pay the mortgage debt on it while she said she would try to sell it, real estate taxes due post-petition by January 31, 2012, had not been paid and the plan did not propose or indicate that she would pay them or the additional taxes coming due. The Chapter 13 Trustee did not recommend confirmation of the plans already denied confirmation, and Weltlich filed written objections to confirmation, as he did again with respect to the fourth amended plan heard on August 29, 2012. [*See* Doc. # 63].

Weltlich's pending objection, as has been the confirmation standard repeatedly found wanting by the court until now, is that the sale plan does not meet the good faith standard of 11 U.S.C. § 1325(a)(3). While the court agreed on previous iterations of the plan, the court finds this time that Debtor 's instant proposed plan, as it will be further modified by a stipulated order to be submitted to the court, does meet the good faith standard of § 1325(a)(3).

Among other changes, the plan conditions to ensure sale of the property(which is what Weltlich is entitled to under the state court orders) have been strengthened substantially, Debtor has the property listed and has been showing it, she has reduced the asking price materially to spur sale, and the agreed order will impose conditions to insure that the property remains listed and to alleviate the potential impact of a dismissal of this case at the last minute before sale under 11 U.S.C. § 1307. Moreover, the court's conditional stay relief order, which remains in place through confirmation, contains material financial protections to Weltlich all of which Debtor has successfully met to date, showing that she can perform the plan and that any risk of liability exposure to Weltlich is minimized. Debtor herself through testimony and appearance personally presented a much-improved attitude and capability toward performance of the sale plan than she has previously, in part because of her progress in recovery from a serious accident.

The court finds that the instant plan finally presents a sincere and reasonable effort to address all of

her financial difficulties, repay her debts and maximize her assets and financial resources within the letter and the spirit of the Bankruptcy Code for the benefit of all creditors and parties in interest, including Weltlich, a broad mission that the state court does not have. Debtor also has a powerful incentive to see bankruptcy through now because the claims bar date has passed and many of her creditors failed to file claims but will nonetheless be bound by a discharge. The spectre of a plan proposed just to stymy rights of her former spouse and avoid the state court orders has been lifted with the current plan as it will be modified voluntarily with the additional conditions imposed by the stipulated order and with the conditional stay relief order in place.

Based on the foregoing reasons, and as otherwise stated on the record by the court at the hearing, for good cause shown,

**IT IS THEREFORE ORDERED** that the Objection to Confirmation of the 4th Amended Plan filed by Edward B. Weltlich [Doc. # 63] is overruled. A separate confirmation order will be submitted by the Chapter 13 Trustee and entered by the court after submission of the additional proposed stipulated order.

###

3

12-30181-maw    Doc 70    FILED 08/31/12    ENTERED 08/31/12 16:40:48    Page 3 of 3